1  **WO**

2

3

4

5

6        **IN THE UNITED STATES DISTRICT COURT**

7            **FOR THE DISTRICT OF ARIZONA**

8

| | |
|---|---|
| 9   United States of America, | No. CR-18-01622-001-PHX-DWL |
| 10                Plaintiff, | **ORDER** |
| 11   v. | |
| 12   Eduardo Salazar, | |
| 13                Defendant. | |

14

15        Sentencing in this matter is scheduled for March 4, 2019.  The Court has reviewed

16  the presentence report ("PSR"), which reveals that the defendant has a sordid criminal

17  history that includes two DUI convictions (PSR ¶¶ 31, 33), four drug-related convictions

18  involving cocaine and heroin (PSR ¶¶ 20, 22, 23, 29), a conviction for brandishing a knife

19  (PSR ¶ 25), and four domestic violence convictions, including two particularly gruesome

20  incidents in which the defendant punched a pregnant woman in the face, once causing her

21  to be rushed to the hospital in an ambulance (PSR ¶¶ 24, 26, 27, 28).  In addition, the

22  defendant has been deported to Mexico 10 different times (PSR ¶ 40) and has two

23  convictions for illegal entry or reentry: the first, in 2006, resulted in a sentence of 2.5

24  months' imprisonment, and the second, in 2012, resulted in a sentence of 24 months'

25  imprisonment (PSR ¶¶ 30, 34.)  However, under the proposed plea agreement in this case,

26  the maximum sentence that could be imposed is 14 months.  (PSR ¶ 64.)

27        The Court is struggling to understand how a sentence of 14 months could be

28  considered sufficient under 18 U.S.C. § 3553 in light of these circumstances.  Sentences in

illegal-reentry cases should ordinarily result in progressive punishment, and the defendant has already shown that a 24-month sentence will not deter him from returning to this country. *Cf. United States v. Hinkson*, 744 Fed. App'x 656 (11th Cir. 2018) (affirming imposition of 72-month sentence in illegal-reentry case, even though the Guidelines range was 15-21 months, where the defendant's "last 48-month sentence had failed to deter him" and "the district court stressed the need to specifically deter Hinkson and also to deter others who might consider unlawfully reentering the United States on multiple occasions and to promote respect for the law by imposing progressively greater punishments for each illegal reentry").

Accordingly, the parties should be prepared, during the sentencing hearing on Monday, March 4, 2019, to explain why the Court should accept the plea agreement.

Dated this 1st day of March, 2019.

Dominic W. Lanza
United States District Judge